UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MARVIN YOUNG, | § § § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. G-11-553 |
| | § § | |
| RICK THALER, | § § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER OF DISMISSAL

Before the Court is the application of Marvin Young (TDCJ #1323226) for the issuance of a writ of habeas corpus. Young challenges disciplinary case no. 20110154409, in which he was found guilty of possessing a cell phone and other contraband in a correctional institution. Punishment included a thirty-day loss of commissary and recreation privileges, a reduction in time-earning class status, and a loss of 400 days of good time. Having reviewed Young's application, this Court concludes that the application must be dismissed with prejudice for failure to state a claim for which federal relief is available.

State prisoners seeking federal court review of a conviction pursuant to 28 U.S.C. § 2254 must assert a violation of a federal constitutional right. *Lawrence v. Lensing,* 42 F.3d 255, 258 (5th Cir. 1994); *Gray v. Lynn*, 6 F.3d 265, 268 (5th Cir. 1993). In the context of disciplinary proceedings, prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995). Liberty interests emanate from either the Due Process Clause or from state law. *See Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989). Absent a showing that a disciplinary

conviction has implicated a constitutionally protected interest, a prisoner's due process claim depends on the existence of an interest created by state law.

A temporary loss of commissary and/or recreation privileges does not pose an atypical or significant hardship beyond the ordinary incidents of prison life. These are merely minimal and temporary changes in conditions of confinement and do not, therefore, implicate the protections afforded by the Due Process Clause. *See Madison v. Parker,* 104 F.3d 765, 767-68 (5th Cir. 1997). A claim for a reduction in time-earning class status also fails to qualify for federal habeas relief because the subsequent, possible loss of "the mere opportunity to earn good-time credits" does not constitute a constitutionally cognizable liberty interest sufficient to "trigger the protection of the Due Process Clause." *Luken v. Scott,* 71 F.3d 192, 193 (1995), *cert. denied*, 517 U.S. 1196 (1996). "These are penalties which do not represent the type of atypical, significant deprivation in which a state might create a liberty interest." *Madison*, 104 F.3d at 767-68. The possibility that a reduction in a petitioner's time-earning class status would affect his ultimate release date from prison "is simply too attenuated to invoke the procedural guarantees of the Due Process Clause." *Id.*

An application for writ of habeas corpus is, however, the proper vehicle in which to protest a disciplinary proceeding that results in the loss of good-time credits, which could conceivably lengthen an inmate's duration of confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1972); *Cook v. Texas Dept. of Criminal Justice Transitional Planning Dept.*, 37 F.3d 166, 168 (5th Cir. 1994); *Serio v. Members of the La. State Bd. Of Pardons*, 821 F.2d 1112 (5th Cir. 1987). Although Young's punishment included a significant loss of good-time credit, he is not eligible for federal habeas relief because the nature of his conviction renders him ineligible for mandatory release. On page five (5) of his habeas application, Young notes that he is

ineligible for mandatory release. As such, the duration of his sentence is not affected by a loss of good time and due process protections are not, therefore, triggered. *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995); *Madison v. Parker,* 104 F.3d 765, 767 (5th Cir. 1997).

To the extent Young's claims are interpreted to assert that the challenged disciplinary proceeding will adversely affect his eligibility for parole, he still has not stated a claim that invokes due process. While procedures relative to parole may affect his duration of confinement, it is well settled that the Texas parole statutes do not confer a liberty interest. "It follows that because [the petitioner] has no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions." *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059 (1996). Therefore, to whatever extent the challenged disciplinary proceeding affects Young's eligibility for parole, his due process rights have not been violated. Young has failed to state a claim that is cognizable under federal habeas review. *See Madison*, 104 F.3d at 767; *Sandin*, 515 U.S. at 483-484.

Accordingly, for the aforementioned reasons, it is the **ORDER** of this Court that Young's application for writ of habeas corpus is **DENIED** and this case is **DISMISSED** with prejudice for failure to state a claim upon which federal habeas relief is available.

All pending motions, if any, are **DENIED.**

Under the AEDPA, a petitioner must obtain a certificate of appealability before he can appeal the district court's decision. 28 U.S.C. § 2253(c)(1). This court will grant a COA only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make a substantial showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As the Supreme Court

made clear in its decision in *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003), a COA is "a jurisdictional prerequisite," and "until a COA has been issued federal courts of appeals lack jurisdiction to rule on the merits of appeals from the habeas petitioners." When considering a request for a COA, "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Id.* at 325. Because Young has not made the necessary showing, this court will not issue a COA.

      SIGNED at Houston, Texas this 26th day of January, 2012.

                                    _____
                                    Kenneth M. Hoyt
                                    United States District Judge